*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2207**

State of Minnesota,
Respondent,

vs.

Lorelee Marie Hamlin,
Appellant.

**Filed May 11, 2015
Affirmed
Smith, Judge**

Anoka County District Court
File No. 02-K0-06-009715

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Kelsey R. Kelley, Assistant County Attorney, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Smith, Judge.

**UNPUBLISHED OPINION**

**SMITH**, Judge

We affirm because the district court did not abuse its discretion by (1) finding that appellant intentionally and inexcusably violated the terms of her probation and (2) imposing an intermediate sanction for the violation of her probation.

## FACTS

Appellant Lorelee Hamlin was convicted of first-degree driving while impaired and gross-misdemeanor driving after cancellation. On the first count, the district court sentenced Hamlin to 42 months' incarceration and 5 years' conditional release, stayed execution, and then imposed 180 days of local confinement with 7 years' supervised probation.

Approximately six years later, Anoka County probation reported that Hamlin had violated a condition of her probation by failing to complete an alcohol testing program. Hamlin subsequently failed to appear at a probation violation hearing. Over 18 months later, Hamlin turned herself in. At subsequent hearings, Hamlin admitted probation violations of failing to complete the testing program and failing to maintain contact with probation, but explained that she had not received notice of the hearing and had fallen out of contact with probation because she had become homeless. She also testified that she was unable to pay for alcohol testing because of dire financial difficulties. The district court found that Hamlin violated her probation and revoked it. The district court then ordered Hamlin to serve 365 days in custody, after which her sentence would be satisfied.

**D E C I S I O N**

Hamlin argues that the district court abused its discretion because the finding that she intentionally and inexcusably violated the conditions of her probation was not supported by clear and convincing evidence and because the need for confinement did not outweigh the policies favoring probation. Hamlin also argues that the district court should have given more weight to her testimony and the five years that she successfully complied with her probation conditions.

"A district court has broad discretion to determine if there is sufficient evidence to revoke probation and will be reversed only if there is a clear abuse of that discretion." *State v. Rottelo*, 798 N.W.2d 92, 94 (Minn. App. 2011) (citing *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980)), *review denied* (Minn. July 19, 2011). When the district court finds that a probation violation occurred, the district court may continue probation, impose intermediate sanctions, or revoke probation and execute a stayed sentence. Minn. Stat. § 609.14, subd. 3(2) (2012). Before imposing intermediate sanctions, the district court is only required to "determine whether there is clear and convincing evidence that a condition of probation has been violated." *State v. Cottew*, 746 N.W.2d 632, 638 (Minn. 2008); *cf. Austin*, 295 N.W.2d at 250 (setting factors to consider before revoking probation and executing a sentence). A district court has broad, but not unlimited, discretion in imposing an intermediate sanction, and it must consider the circumstances to determine an appropriate sanction. *Cottew*, 746 N.W.2d at 638.

The record reflects that the district court gave due consideration to Hamlin's testimony, her prior performance on probation, and the circumstances of the violations.

Therefore, the district court did not abuse its discretion in revoking Hamlin's probation and imposing 365 days' incarceration as an intermediate sanction for violating the conditions of her probation.

**Affirmed.**